UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2007 DEC 12  A 9: 56

U.S. DISTRICT COURT
BRIDGEPORT, CONN.

|  |  |  |
|---|---|---|
| CARLOS GODOY, | : | CIVIL ACTION NO. |
| CESAR GODOY, | : | |
| HECTOR GODOY, | : | |
| JOSE GODOY, | : | |
| VICTOR GODOY, | : | **307CV1827** |
| EVER HERRERA, | : | |
| RENE HERRERA, | : | |
| EDUARDO LOPEZ, | : | |
| MIGUEL MAROQUIN, | : | |
| EDGAR RAMIREZ, | : | |
| HUGO TECUN, and | : | |
| EDDY VEGA | : | |
| | : | |
| PLAINTIFFS | : | |
| | : | |
| V. | : | |
| | : | |
| D&S REMODELING, LLC, | : | |
| CIGDA, INC., and | : | |
| DUSAN CIGANIK | : | |
| | : | |
| DEFENDANTS | : | DECEMBER 12, 2007 |

## COMPLAINT

### I.      INTRODUCTION

1.      Plaintiffs in this action are twelve laborers who were employed by Defendants.

Plaintiffs bring this action alleging that Defendants failed and/or refused to pay wages

consistent with the minimum wage and overtime provisions of the federal Fair Labor Standards

Act (FLSA), 29 U.S.C. §§ 201, et seq.  Plaintiffs further allege that Defendants failed to pay

them wages consistent with the Connecticut minimum wage, overtime wage and other wage and

hour laws. Conn. Gen. Stat. §§ 31-58, et seq. Plaintiffs further allege that Defendants' failure

and/or refusal to pay wages consistent with federal and Connecticut law was willful, arbitrary,

and in bad faith.  Plaintiffs seek payment of wages owed, liquidated damages, pre and post

judgment interest, and their reasonable attorneys' fees and costs.

## II.   JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331.  With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is appropriate in the District of Connecticut pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to this claim occurred within this judicial district.

## III.   THE PARTIES

4.      Plaintiffs are Carlos Godoy, Cesar Godoy, Hector Godoy, Jose Godoy, Victor Godoy, Ever Herrera, Rene Herrera, Eduardo Lopez, Miguel Maroquin, Edgar Ramirez, Hugo Tecun, and Eddy Vega (collectively "Plaintiffs").   During all times relevant to this Complaint, Plaintiffs were residents of Stamford, Connecticut.

5.      Defendant Dusan Ciganik is the owner and manager of Defendant companies D&S Remodeling LLC and Cigda, Inc.  (collectively "Defendants").  Defendant Ciganik resides at 74 Cheesespring Road, Wilton, Connecticut.

6.      Defendant D&S Remodeling LLC is a roofing, siding, copperwork, framing, and interior and exterior trim business with a principal place of business at 74 Cheesespring Road, Wilton, Connecticut.

7.      Defendant Cigda, Inc. is a construction contracting business with a principal place of business at 284 Main Street, New Canaan, Connecticut.

8.      During all times relevant to this complaint, Plaintiffs were employees of Defendants, as that term is defined by FLSA, 29 U.S.C. § 203(e)(1) and by Connecticut General Statutes §§ 31-58(f) and 31-71a(2).

9.      At all times relevant to this complaint, Defendants were Plaintiffs' employers as that

term is defined by the FLSA, 29 U.S.C. § 203(d) and by Connecticut General Statutes §§ 31-58(e) and 31-71a(1).

10.     At all times relevant to this complaint, Plaintiffs were employed by Ciganik Defendants as that term is defined by FLSA, 29 U.S.C. § 203(g) and by Connecticut General Statutes §31-38(h).

11.     At all times relevant to this complaint, Plaintiffs were engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a)(1).

12.     Upon information and belief, at all times relevant to this action, Defendants operated as an enterprise engaged in commerce and in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a)(1).

## IV.     STATEMENT OF FACTS

13.     Defendants have at all relevant times to this action suffered and/or permitted Plaintiffs to work.

14.     Defendants employed Plaintiffs for varying lengths of time from in or about October 2002 until in or about August 1, 2007, as follows:

(a) Carlos Godoy worked continuously for Defendants for approximately one year and eight months.

(b) Cesar Godoy worked continuously for Defendants for approximately three years.

(c) Hector Godoy worked continuously for Defendants for approximately four years and nine months.

(d) Jose Godoy worked continuously for Defendants for approximately three and one half years.

(e) Victor Godoy worked continuously for Defendants for approximately two and one half years.

(f) Ever Herrera worked continuously for Defendants for approximately two and one

half weeks.

    (g) Rene Herrera worked continuously for Defendants for approximately two and one

half years.

    (h) Eduardo Lopez worked continuously for Defendants for approximately two years.

    (i)  Miguel Maroquin worked continuously for Defendants for approximately three and

one half years.

    (j)  Edgar Ramirez worked continuously for Defendants for approximately two and one

half years.

    (k) Hugo Tecun worked continuously for Defendants for approximately nine and one

half months.

    (l)  Eddy Vega worked continuously for Defendants for approximately one and one half

years.

15.     Defendants failed to pay Plaintiffs each of their individually agreed upon wages during

the time period from July 9, 2007 through August 1, 2007 ("Unpaid Time Period").[1]

16.     During the Unpaid Time Period, Defendants agreed to pay Plaintiffs the following

amounts of money per hour:

    (a)  Carlos Godoy - $11.00

    (b)  Cesar Godoy - $14.00

    (c)  Hector Godoy - $22.00

    (d)  Jose Godoy - $14.00

    (e)  Victor Godoy - $18.00

    (f)  Ever Herrera - $8.00

    (g)  Rene Herrera - $12.00

    (h)  Eduardo Lopez - $14.00

    (i)  Miquel Maroquin - $14.00

    (j)  Edgar Ramirez - $11.00

    (k)  Hugo Tecun - $10.00

    (l)  Eddy Vega - $11.00

17.    During the Unpaid Time Period, Plaintiffs worked for Defendants for the following total amounts of hours:

    (a)    Carlos Godoy – 171.5 hours, of which 24.5 were overtime hours

    (b)    Cesar Godoy - 178.5 hours, of which 29.5 were overtime hours

    (c)    Hector Godoy - 171.5 hours, of which 24.5 were overtime hours

    (d)    Jose Godoy – 177.5 hours, of which 29 were overtime hours

    (e)    Victor Godoy – 171.5 hours, of which 24.5 were overtime hours

    (f)    Ever Herrera - 74 hours, of which 5.5 were overtime hours

    (g)    Rene Herrera – 177.5 hours, of which 29 were overtime hours

    (h)    Eduardo Lopez - 178.5 hours, of which 29.5 were overtime hours

    (i)    Miquel Maroquin - 171.5 hours, of which 24.5 were overtime hours

    (j)    Edgar Ramirez - 177.5 hours, of which 29 were overtime hours

    (k)    Hugo Tecun - 177.5 hours, of which 29 were overtime hours

    (l)    Eddy Vega - 178.5 hours, of which 29.5 were overtime hours

18.    For the Unpaid Time Period, Defendants owe Plaintiffs the following amounts of money:

    (a)    Carlos Godoy – $2,021.25 (147 hrs x $11/hr + 24.5 hrs x $16.50/hr)

    (b)    Cesar Godoy - $2,705.50 (149 hrs x $14/hr + 29.5 hrs x $21/hr)

    (c)    Hector Godoy - $4042.50 (147 hrs x $22/hr + 24.5 hrs x $33/hr)

    (d)    Jose Godoy – $ 2,688.00 (148.5 hrs x $14/hr + 24.5 hrs x $21/hr)

---

[1]  For Plaintiff Ever Herrera, the "Unpaid Time Period" is July 23, 2007 through August 1, 2007.

(e)  Victor Godoy – $3,307.50 (147 hrs x $18/hr + 24.5 x $27)

(f)  Ever Herrera - $614.00 (68.5 hrs x $8/hr + 5.5 hrs x $12/hr)

(g)  Rene Herrera – $2,304.00 (148.5 hrs x $12/hr + 29 hrs x $18/hr)

(h)  Eduardo Lopez - $2,705.50 (149 hrs x $14/hr + 29.5 hrs x $21/hr)

(i)  Miquel Maroquin - $2,572.50 (147 hrs x $14/hr + 24.5 hrs x $21/hr)

(j)  Edgar Ramirez - $2,112.00 (148.5 hrs x $11/hr + 29 hrs x $16.50/hr)

(k)  Hugo Tecun - $1,920.00 (148.5 hrs x $10/hr + 29 hrs x $15/hr)

(l)  Eddy Vega - $2,125.75 (149 hrs x $11/hr + 29.5 hrs x $16.50/hr)

19.  During the entire course of their employment for Defendants, Plaintiffs worked at various locations in both New York and Connecticut.

20.  During the Unpaid Time Period, some and/or all of the Plaintiffs worked at the following three addresses: 116 Brookside Drive, Greenwich, Connecticut; 70 Sumner Road, Greenwich, Connecticut; and 211 Clinton Avenue, Dobbs Ferry, New York.

21.  During the entire course of their employment, Plaintiffs consistently worked for Defendants in excess of forty hours per week.

22.  During the entire course of Plaintiffs' employment, Defendants failed to pay Plaintiffs overtime at the rate of one and one-half times Plaintiffs' hourly rate for all hours of work performed in excess of forty hours in one week.

23.  Plaintiffs have, on more than one occasion, requested that Defendants pay them for the work that they performed during the Unpaid Time Period.

V.  **CLAIMS FOR RELIEF**

**COUNT ONE: FAIR LABOR STANDARDS ACT MINIMUM WAGE VIOLATIONS**

24.  Plaintiffs restate, reallege, and incorporate herein the allegations set out in paragraphs 1 through 23, above.

25.  Defendants' actions in failing to pay Plaintiffs the federal minimum wage for each hour

worked in the Unpaid Time Period were in violation of the minimum wage provisions of FLSA, 29 U.S.C. § 206.

26.     Defendants' actions in failing to pay the minimum hourly wage to Plaintiffs consistent with the requirements of FLSA were in willful violation of Plaintiffs' federally protected rights.

**COUNT TWO: FAIR LABOR STANDARDS ACT OVERTIME VIOLATIONS**

27.     Plaintiffs restate, reallege, and incorporate herein the allegations set out in paragraphs 1 through 26, above.

28.     Defendants' actions in failing to pay Plaintiffs one and one half times their regular hourly rate for all hours worked in excess of forty hours in a one week period were in violation of the overtime provisions of FLSA, 29 U.S.C. § 207.

29.     Defendants' actions in failing to pay overtime to Plaintiffs consistent with the requirements of FLSA were in willful violation of Plaintiffs' federally protected rights.

**COUNT THREE: CONNECTICUT MINIMUM WAGE VIOLATIONS**

30.     Plaintiffs restate, reallege, and incorporate herein the allegations set out in paragraphs 1 through 29 above.

31.     Defendants' actions in failing to pay Plaintiffs wages owed to them for hours worked violates Connecticut wage and hour laws, including the minimum wage provisions of Connecticut General Statutes § 31-68; and the payment of wages provisions of Connecticut General Statutes §§ 31-71a to 31-71i.

32.     Plaintiffs bring these claims pursuant to Connecticut General Statutes §§ 31-68 and 31-72.

33.     Defendants' actions in failing to pay Plaintiffs wages owed to them for hours worked was willful, arbitrary and in bad faith.

## COUNT FOUR: CONNECTICUT OVERTIME VIOLATIONS

34.     Plaintiffs restate, reallege, and incorporate herein the allegations set out in paragraphs 1 through 33 above.

35.     Defendants' actions in failing to pay Plaintiffs one and one half times their regular hourly rate for all hours worked in excess of forty hours in a one week period was in violation of the Connecticut wage and hour laws, including the overtime wage provisions of § 31-76b.

36.     Plaintiffs bring these claims pursuant to Connecticut General Statutes §§ 31-68 and 31-72.

37.     Defendants' actions in failing to pay overtime owed to Plaintiffs was willful, arbitrary and in bad faith.

### VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

(1) Award them any and all wages that they are lawfully owed;

(2) Grant Plaintiffs liquidated damages and reasonable attorneys' fees and costs pursuant to FLSA, 29 U.S.C. § 216(b);

(3) Award them double damages and reasonable attorneys' fees and costs pursuant to Connecticut General Statutes §§ 31-68 and/or 31-72;

(4) Award Plaintiffs' their pre- and post-judgment interest; and

(5) Award such further and additional relief as the Court may deem just and proper.

## REQUEST FOR TRIAL BY JURY

Plaintiffs respectfully request a trial by jury as to all claims to which they are entitled.

**RESPECTFULLY SUBMITTED**

Nadine Nevins (ct 05148)
Connecticut Legal Services, Inc.
211 State Street
Bridgeport, CT 06604
Phone: (203) 336-3851
NNevins@connlegalservices.org

Megan McLeod (ct 27270)
Cecily Kerr Ziegler (ct 22887)
Connecticut Legal Services, Inc.
20 Summer Street
Stamford, CT 06901
Phone: (203) 348-9216
MMcLeod@connlegalservices.org
CZiegler@connlegalservices.org

Peter Goselin (ct 16074)
Livingston, Adler, Pulda, Meiklejohn and
Kelly, P.C.
557 Prospect Ave.
Hartford, CT 06105-2922
Phone: (860) 233-9821
pdgoselin@lapm.org